**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 17 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   21-10069 |
| Plaintiff-Appellant, | D.C. Nos.   3:19-cr-00697-VC-1<br>3:19-cr-00697-VC |
| v. | |
| CLIFFORD LAVERN STOKES, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Argued and Submitted February 8, 2022
San Francisco, California

Before:  HURWITZ and VANDYKE, Circuit Judges, and ERICKSEN,[**] District Judge.

The government appeals the district court's order granting a motion to suppress a firearm and ammunition seized after a traffic stop.  We reverse.

1.  Clifford Stokes was a passenger in a vehicle that two San Francisco police

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota, sitting by designation.

officers stopped because it lacked the front license plate required under California law. After the stop, the driver of the car admitted that he had marijuana in the glove compartment, and the arresting officers asked for identification from the driver and Stokes. While a warrant check was pending, the driver and Stokes were removed from the vehicle to allow a search of its interior. Almost immediately after Stokes was removed, the warrant check revealed a pre-existing warrant for his arrest. Stokes was arrested on that warrant and a search incident to that arrest revealed a loaded firearm on his person. Stokes was charged with being a felon in possession of that firearm, but the district court granted a motion to suppress the seized evidence because it found that the arrest and search occurred after any reason for further detaining Stokes on the traffic stop had dissipated.

2. The government does not contest on appeal that the search occurred after Stokes's detention was unconstitutionally prolonged. The typical remedy for a Fourth Amendment violation is suppression or exclusion of the evidence obtained as a result of the violation. *See Utah v. Strieff*, 579 U.S. 232, 237–38 (2016). However, under the attenuation doctrine, "[e]vidence is admissible when the connection between unconstitutional police conduct and the evidence is remote or has been interrupted by some intervening circumstance, so that 'the interest protected by the constitutional guarantee that has been violated would not be served by suppression of the evidence obtained.'" *Id.* at 238 (citation omitted). Three

2

factors guide the attenuation analysis: (1) "the 'temporal proximity' between the unconstitutional conduct and the discovery of [the] evidence"; (2) "the presence of intervening circumstances"; and (3) "the purpose and flagrancy of the official misconduct." *Id*. at 239 (cleaned up).

3. The parties agree that the first *Strieff* factor—"temporal proximity"— weighs against a finding of attenuation. But the district court erred in finding that the discovery of the arrest warrant was not an "intervening circumstance" weighing in favor of a finding of attenuation under the second *Strieff* factor. As in *Strieff*, "the warrant was valid, it predated [the] investigation, and it was entirely unconnected with the stop. And once [the officers] discovered the warrant, [they] had an obligation to arrest" Stokes. *Id.* at 240; *see also United States v. Chew*, 802 F. App'x 313, 314 (9th Cir. 2020) (finding that discovery of a pre-existing arrest warrant provided the "requisite intervening circumstance to attenuate" the search of a suspect's backpack from a potentially unlawful stop) (cleaned up); *United States v. Gaspar*, 782 F. App'x 635, 635–36 (9th Cir. 2019) ("[T]he discovery of valid arrest warrants for both Appellants was a sufficient intervening event to break the causal chain between the unlawful stop and the discovery of the evidence.") (cleaned up).

4. The district court did not address the third *Strieff* factor—"the purpose and flagrancy of the official misconduct." 579 U.S. at 241. Here, as in *Strieff*, the third factor "strongly favors the State." *Id*. The officers validly stopped the vehicle for a

license plate violation and had reason to investigate further for at least some period after the driver admitted that there was marijuana in the vehicle. Nor was there anything unconstitutional in requesting identification from the occupants of the vehicle at the outset of the stop. *See Rodriguez v. United States*, 575 U.S. 348, 355 (2015) ("An officer . . . may conduct certain unrelated checks during an otherwise lawful traffic stop."). The government concedes for purposes of appeal that the detention of Stokes was unconstitutionally prolonged, *see id*. (holding that the officer "may not" conduct a records check "in a way that prolongs the stop, absent the reasonable suspicion ordinarily demanded to justify detaining an individual"), but nothing in the record of this case suggests the kind of purposeful and flagrant misconduct that warrants suppression. *Compare United States v. Walker*, 965 F.3d 180, 190 (2d Cir. 2020) (declining to find attenuation when an illegal stop involved "impermissible and manifest [racial] stereotyping"), *with Strieff*, 579 U.S. at 242 (finding no "indication that this unlawful stop was part of any systemic or recurrent police misconduct").

**REVERSED.**